NO. 8479

COURT OF APPEAL

PARISH OF ORLEANS.

WILLIAM CROMILLER

versus

HAYDEL TRANSFER COMPANY INC.

8479

Court of Appeal
PARISH OF ORLEANS
FILED APR 24-22
[signature]

8479

Winkelspiel; J.

This is a damage suit.

Plaintiff sues, alleging that on or about August 7th, 1921, a truck owned by the defendant Company, operated by an employee of said company, negligently run into the automobile of plaintiff, while the same was parked in front of the premises No. 1730 Napoleon Avenue of this City.

Alleges further that his automobile was parked on the right side of the Avenue, in strict compliance with the Traffic Law of this City. Alleging further that the damage was caused solely by the gross fault, negligence and carelessness of the driver who operated said truck at an unlawful rate of speed, in violation of the Traffic Laws of this City, and in failing to turn to the left in passing petitioner's automobile, which was parked on the right side of the said Avenue, running into and damaging petitioner's automobile, without fault on plaintiff's part.

Alleging further that plaintiff was compelled to have the automobile repaired, which cost the sum of $339.50, for which amount he prays judgment with legal interest.

The answer first was a general denial; subsequently there was filed a supplemental and amended answer, wherein it is alleged that if a collision happened as charged by plaintiff, the same was the result of an accident, over which defendant had no control either at the time of the happening or at any time previous thereto.

Alleging that a cotter pin, holding a nut on part of the steering wheel suddenly broke during the operation of defendant's truck, which caused the nut that said pin held, to fall off and as the result of the falling of this particular nut, the steering gear or wheel became useless and your respondent's driver was unable to stop his said truck and that defendant employs a mechanic, whose duties were that the

144

trucks of defendant were kept in first class condition; that the said trucks were given a thorough inspection and that the particular truck had been inspected a few days before the happening of the falling of the nut, which was in proper condition and therefore, under the circumstances, defendant could not be held responsible, and prayed judgment for dismissal of plaintiff's suit and costs.

And from a judgment in favor of plaintiff there is this appeal.

An examination of the testimony in this case, both for plaintiff and defendant, satisfies us that plaintiff's automobile, under the city ordinances was parked on the right side of Napoleon Avenue, and the defendant's truck, driven at a rapid rate of speed, whether racing or not, with another automobile, driven in a reckless, careless manner, by its sharp chauffeur, ran into plaintiff's automobile, which was parked as stated before, where it should be, was standing in a proper position, had the right to do so, and the chaffeur of the truck without reason or right, ran into and caused the damages claimed .

We further find that plaintiff was without fault of any kind or character and that defendant, through its driver, carelessly and negligently ran into and caused the damages to plaintiff's automobile, and for which he paid, and for which he now claims damages, and without going far into the testimony either pro or con, but after careful consideration, we have come to the conclusion that the defendant's claim that the injury was caused from defects which could not have been avoided by the exercise of the greatest care and diligence on the part of the persons employed in the construction and maintenance, hence defendant not liable, and the authorities there cited by defendant's counsel, are inapplicable.

The Judge of the Court aqua having seen and heard the witnesses in this case, was in a better position than we, to de-

termine this case, which depends in its solution, entirely upon facts.

For the reasons assigned, it is ordered, adjudged and decreed. that the judgment of the Court aqua be and the same is hereby affirmed, with costs of both Courts against the defendant.

-Judgment affirmed-